UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY D. CHEERS,

Petitioner,

v.                                                    Case No. 25-cv-1097-bhl

STATE OF WISCONSIN DODGE COUNTY,

Respondent.

# ORDER

On July 28, 2025, Ricky D. Cheers filed a *pro se* petition pursuant to 28 U.S.C. §2254 (ECF No. 1.)  That same day, the Clerk of Court sent a letter to the petitioner requesting payment of the full filing fee of $5.00 or a petition to proceed without prepayment of the full filing fee and his six-month certified trust account statement.  (ECF No. 2.)  Because Cheers failed to use the Court's required form for his petition, the Court will take no further action at present and give him the opportunity to file an amended petition using the Court's form.

Under Rule 4 of the Rules Governing §2254 cases, this Court must screen the petition and exhibits to determine whether the petitioner has alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  The Court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default.  Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. §2244(d)(1)(A).  In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A).  If the district court discovers that the petitioner has included an unexhausted claim, the petitioner must either return to state court to exhaust the claim or amend his petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural

laws. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

The Court's ability to screen Cheers's petition is hindered by his failure to set forth his claims in an understandable way using the Court's required form. Under this Court's Civil Local Rule 9(a), "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the Court." There is a reason for this rule. The Court's form guides and directs a petitioner to provide the information that the Court needs to evaluate the request for habeas relief and determine whether the petitioner qualifies for that relief. In this case, the petitioner did not use the Court's form, making it difficult for the Court to determine whether Petitioner has exhausted his state court remedies, avoided procedural default, and timely filed his habeas petition.

Petitioner states that he seeks review of an "illegal sentence and relief based on the unconstitutional treatment and burden due to a violation of the ex post facto clause." (ECF No. 1 at 1.) Although Petitioner cites Case No. 09CF240 in the header of his petition, he does not provide any further information as to whether he appealed this case and petitioned the Wisconsin Supreme Court for discretionary review. Petitioner also notes that he has filed another case for deliberate indifference. (*Id.* at 2.)

If the petitioner wishes to continue with this *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form, a copy of which the Court directs the Clerk to include with this order. The Clerk is also directed to provide petitioner with the instructions for completing the form and a copy of "Habeas Corpus: Answers to State Petitioners' Common Questions." If the petitioner decides to complete the form, he must write the word "Amended" in the middle of the first page of the form, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" and complete all sections of the form petition. In particular, he should be careful to include the case number—25-cv-1097—in the space next to the words "Docket No." on the first page. If he remains incarcerated, he must identify the institution where he is incarcerated and list as the "Respondent" the warden or superintendent or other official who has custody of him. Petitioner currently names State of Wisconsin Dodge County – that is not a proper Respondent. If the petitioner is not in custody, he must list his current address and phone number. The amended petition must be filed no later than the date set forth below.

Accordingly,

**IT IS ORDERED** that if the petitioner wishes to proceed with this case, the petitioner must file by **September 5, 2025,** an amended petition on the form the Court is providing with this Order. If the Court does not receive the amended petition on this Court's form by **September 5, 2025,** the Court will dismiss the petition on the next business day without further notice or hearing.

Dated at Milwaukee, Wisconsin on August 6, 2025.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge