UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY D. CHEERS,

        Petitioner,

v.                                                                                               Case No. 25-cv-1097-bhl

STEPHEN JOHNSON, Warden,

        Respondent.

---

## RULE 4 SCREENING ORDER

---

      On July 28, 2025, Ricky D. Cheers filed a *pro se* petition pursuant to 28 U.S.C. §2254. (ECF No. 1.) Because Cheers failed to use the Court's required form for his petition, the Court provided him with the required form and ordered him to file an amended petition using the form if he wished to proceed with his case. (ECF No. 4.) Cheers complied on September 9, 2025 by filing an amended petition on the required form. (ECF No. 5.) He has now also paid the required $5.00 filing for his petition and his case is therefore ready for screening under Rule 4 of the Rules Governing § 2254 Cases.

      Under Rule 4:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court and have not been procedurally defaulted. The court may dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.*

      Cheers is challenging a Dodge County judgment from 2009, Case Number 2009CF000240. *See* Dodge County Circuit Court Case No. 2009CF000240, *available at* https://wcca.wicourts.gov

(last visited October 21, 2025). According to his petition, on November 3, 2009, after pleading no contest, Cheers was convicted of delivering less than 3 grams of heroin as party to a crime, second and subsequent offense, a Class F felony. *See id.* at "Plea hearing" docket entry on November 3, 2009; (ECF No. 5 at 2). On July 22, 2010, he was sentenced as follows: sentence withheld, three years' probation with conditions, including jail 120 days with 100 days credit on any revocation with Huber and Transfer and Work privileges. *See id.* at "Sentencing hearing" docket entry on July 22, 2010. Four years later, Cheers's probation was revoked and on December 11, 2014, he was sentenced to 5 years' incarceration, 4 years' extended supervision, and 738 days' credit with 2 weeks to request any additional credit. *See id.* at "Sentencing hearing on revocation" docket entry on December 11, 2014. On February 11, 2015, an Amended Judgment of Conviction After Revocation was docketed. *See id.* at "Sentencing hearing on revocation" docket entry on February 11, 2015.

The state court docket shows almost no further activity until 2024, when Cheers filed a number of motions including a petition for compassionate release/post-conviction relief, a petition for sentence modification, and a *pro se* motion. *See id.* All of these motions were denied. Then, on October 29, 2024, Cheers moved for correction of an allegedly void sentence and the circuit court judge denied the motion. (ECF No. 5-1 at 6.) The state court noted that while Cheers's *pro se* letter correctly noted that the maximum period of confinement for a Class F felony is 7.5 years, Cheers's total sentence of 9 years did not exceed the maximum. The court explained that Cheers's bifurcated sentence included a 5-year period of confinement and a 4-year period of extended supervision, well within the statutory limits. (*Id.*)

Cheers then filed another motion for post-conviction relief in state court. (ECF No. 5-1 at 7.) On February 11, 2025, the circuit court judge denied this motion, noting that the court had already addressed Cheers's claim regarding the structure of his sentencing and reiterating that the defendant's sentence was correctly structured and entered. (*Id.*) The circuit court judge further noted that if Cheers wished to pursue the matter, he would need to file a pleading with the Wisconsin Court of Appeals. (*Id.*) On May 9, 2025, an amended judgment of conviction was entered confirming Cheers's sentence of 5 years confinement and 4 years extended supervision and amending the presentence credit to 767 days. (*Id.* at 3.) The judgment also states in bold capitalization: "**THIS IS A FINAL ORDER FOR THE PURPOSE OF APPEAL**." (*Id.* at 4.)

Since the amended state court judgment, Cheers has filed more motions and requests for relief in the circuit court. The latest docket entry is a letter from the court to the Department of Corrections requesting a "position on sentence credit." *See* Dodge County Circuit Court Case No. 2009CF000240, "Letters/correspondence" docket entry on September 23, 2025. The docket confirms that Cheers has not appealed the circuit court judge's order nor the amended judgment of conviction. Cheers is currently incarcerated at Milwaukee Secure Detention Facility with a current release date of September 13, 2027. *See* Offender Locator, Wis. Dep't of Corrections, *available at* https://appsdoc.wi.gov/lop/ (last visited October 21, 2025).

In his federal habeas petition, Cheers reports that he appealed his judgment of conviction by direct state appeal on October 29, 2024. (ECF No. 5 at 3.) This appears to be incorrect. The state court docket does not show any direct appeal filed by Cheers on that date. The only docket entry for October 29, 2024 relates to the circuit court's denial of Cheers's motion to correct an allegedly void sentence. There is no appeal filed on that date.

Under 28 U.S.C. §2254(b)(1)(A), this Court cannot grant habeas relief until a petitioner has exhausted his available state court remedies. A district court may not address the claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). Cheers's petition and the state court docket confirm that he has not exhausted his state court remedies. Accordingly, the Court will dismiss his petition without prejudice to allow him the chance to exhaust his state remedies and, once he has done so, to refile his habeas petition if appropriate.

The Court has authority to stay Cheers's petition rather than dismissing it without prejudice but will not exercise that authority here. A stay may be appropriate if "dismissing a petition without prejudice will effectively end any chance at federal habeas review," due to the statute of limitations. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("when there is a substantial risk that [dismissal] comes far too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the

petitioner has made such a request.") (internal quotations and citation omitted). Pursuant to 28 U.S.C. §2244(d)(1)(A), a petitioner has one year from the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file a federal habeas petition. Under this provision, direct review does not conclude until the availability of direct review in the state courts and the United States Supreme Court has been exhausted. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). In this case, there is no substantial risk that Cheers's chance at federal habeas review will expire, given that the amended judgment was filed on May 9, 2025 and Cheers thus has several months remaining to complete his exhaustion efforts before the limitations period expires on his ability to pursue federal habeas relief. *See Tucker,* 538 F.3d at 735 (stay not necessary where more than five months remained of petitioner's limitation period when the court dismissed the habeas petition).

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Petitioner's petition for writ of habeas corpus is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on October 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
